## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROOSEVELT LEBLANC**                                     **CIVIL ACTION**

**VERSUS**                                                **NO. 23-1092-SDD-RLB**

**AMERICAN SOUTHERN HOME**
**INSURANCE COMPANY**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

    NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on May 8, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ROOSEVELT LEBLANC**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 23-1092-SDD-RLB**

**AMERICAN SOUTHERN HOME
INSURANCE COMPANY**

## REPORT AND RECOMMENDATION

The Complaint in this matter was filed on August 28, 2023. (R. Doc. 1). The Complaint contained a Certification Letter pursuant to General Order 2023-12 indicating plaintiff was a former client of McClenny, Moseley & Associates (MMA). (R. Doc. 1-2). On December 16, 2023, attorneys Ravi Sangisetty and Brooke Long sought to substitute as counsel for plaintiff in place of Heather Ford. (R. Doc. 6). The Court granted the request then issued an order setting a telephone scheduling conference for March 21, 2024. (R. Docs. 8, 9). On March 21, 2024, counsel for plaintiff filed a motion to withdraw and a telephone conference was held to discuss the motion and failure to file a joint status report. (R. Docs. 20, 21). Counsel indicated plaintiff terminated representation and was advised a motion to withdraw would be filed. On April 2, 2024, the Court entered an order granting the withdrawal of counsel for plaintiff and scheduled a telephone conference for April 17, 2024 to discuss whether plaintiff intended to pursue this matter. (R. Doc. 22). The Clerk of Court was directed to update the docket sheet with the contact information contained in the motion to withdraw and to serve a copy of the order on plaintiff by regular and certified mail. Plaintiff was advised that failure to participate may result in an order to show cause being issued and/or sanctions imposed for failure to prosecute this matter.

On April 17, 2024, Plaintiff failed to appear for the telephone conference and an order to show cause was issued. (R. Doc. 23). Plaintiff was ordered to appear, in person, for a show cause

hearing on May 8, 2024. Plaintiff was further advised that failure to appear could result in the dismissal of this matter without further notice. The Clerk of Court was again directed to serve a copy of the order on plaintiff by regular and certified mail. A review of the docket indicates the most recent filings have been returned undeliverable. (R. Docs. 25, 26, 27).

On May 8, 2024, no attorney had enrolled, and plaintiff failed to appear for the show cause hearing as directed. (R. Doc.28). Counsel for defendant indicated there had been no contact with plaintiff despite repeated attempts and the Court noted that recent filings had been returned. Based on plaintiff's failure to appear or claim certified mail sent from the Court, it appears he does not intend to pursue this matter.

In this instance, dismissal is warranted under Fed. Rules Civ. P. 16 and 37. Under Fed. R. Civ. P. 16, a court "may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for certain purposes. If a party or its attorney "fails to appear at a . . . pretrial conference[,]" a court may issue on its own motion "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)[.]" Fed. R. Civ. P. 16(f). As one of the available sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) is "dismissing the action or proceeding in whole or in part[,]" the captioned matter may be dismissed for plaintiff's failures to appear at a pretrial conference. (R. Docs. 23, 28).

As a practical matter, the case cannot proceed against the defendant if Plaintiff does not prosecute it or respond to the Court's orders regarding disposition of the case. Plaintiff's failure to prosecute effectively deprives the defendant of the opportunity to defend itself from the allegations made against them.

Although not directly applicable under the current circumstances, Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence

of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order." The Court finds that Plaintiff should be afforded that same 14 day period to advise the Court if he wishes to proceed with his case. The timeframe to submit objections to this Report and Recommendation will give him that time.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to prosecute and failure to comply with Court orders.

Signed in Baton Rouge, Louisiana, on May 8, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**